No. 1482

First Circuit Appeal

## J. RENE FONTENOT v. FERDINAND LAFLEUR, ET AL.

(May 15, 1925, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 23, 114.**
   Under Code of Practice, Articles 161, 172, the petition must state definitely a cause of action on which to base a judgment. Titles and other papers not annexed to the petition and made part thereof cannot be considered.

2. **Louisiana Digest—Pleading—Par. 62.**
   An exception of no cause of action aimed at a petition which does not show that it is plaintiff's object to recover anything from the defendant of which she is wrongfully in possession should be sustained.

3. **Louisiana Digest—Pleading—Par. 112, 113.**
   Where the defendant properly objected to all evidence offered by the plaintiff that was not admissible under the allegations of the petition, the objection should be sustained.

Appeal from Sixteenth Judicial District Court, Parish of Evangeline. Hon. B. H. Pavy, Judge.

This is a suit brought against Ferdinand Lafleur and Alice Lafleur for collection of debt evidence by promissory notes and for tax which she paid.

Ferdinand Lafleur made no appearance.

Alice Lafleur filed exception of no cause of action which was overruled.

Judgment for plaintiff on the trial of the case and defendant, Alice Lafleur, appealed.

Judgment reversed, maintaining the exception of no cause of action.

J. H. Dore, of Ville Platte, attorney for plaintiff, appellee.

Dubuisson, Perrault and Burleigh, of Opelousas, attorneys for defendant, appellant.

ELLIOTT, J. The plaintiff, J. Rene Fontenot, instituted suit against Ferdinand Lafleur to recover of him $1500.00 which he alleges Lafleur owes him, with interest and ten per cent attorney's fees on $450.00, and in addition $71.53 for taxes which he alleges he paid on the property described in his petition. That he bought from Ferdinand Lafleur October 28, 1919, lots Nos. 18, 19 and 20 of Block —, Latour Addition to the town of Ville Platte, and being the same property which had been acquired by said Ferdinand Lafleur from Louis J. Pitre on February 10, 1917; said act of your petitioners being duly recorded in Conveyance Book A 9½, page 467, et seq., and Mortgage Book 5, page 115, of the files of the clerk's office of the Parish of Evangeline, and which act is now specially referred to.

That he purchased said property for the price and sum of $1500.00, of which amount $1050.00 was paid in cash, and for the balance of the purchase price he assumed the payment of two notes, each for $225.00, executed by said Ferdinand Lafleur, drawn up to the order of Louis J. Pitre, dated February 10, 1917.

That at the time of the purchase of said property the said Ferdinand Lafleur

had made a dation en paiement of said property to his wife, Alicia Lafleur, as fully appears by a certified copy of said act duly recorded in Conveyance Book A 9, page —, et seq., of the files of the clerk's office of the Parish of Evangeline.

That he instituted suit against the said Alicia Lafleur to have decreed said property to be his property, but judgment was rendered recognizing her as owner by virtue of said dation en paiement, and she is now in possession of said property by virtue of said dation en paiement. That he has paid the notes due on said property by said Ferdinand Lafleur at the time of the dation en paiement made by him to his wife, Alicia Lafleur, and that your petitioner is entitled to recover from the sale of said property the amount so paid by him and also the taxes and ten per cent attorney's fees on the amount of the said notes which he assumed and paid.

He prayed for the citation of Ferdinand Lafleur and of his wife, Alicia Lafleur, and for judgment against Ferdinand Lafleur for $1500.00 with interest and attorney's fees on $450.00 and judgment for $71.53 on account of taxes for the preservation of the property, and that the property described in his petition be ordered sold and the sum of $450.00 with interest and attorney's fees and $71.53 on account of taxes be paid him by preference and priority over all other creditors. There is no prayer for judgment of any kind against Mrs. Alicia Lafleur except that the property of which she was recognized to be the owner and the present possessor by virtue of the said dation en paiement might be sold and the sums of $450.00 and $71.53 paid the petitioner out of the proceeds.

There is no prayer for general relief.

The titles from Louis J. Pitre to Ferdinand Lafleur and from Ferdinand Lafleur to Alicia Lafleur and from Ferdinand La-fleur to J. Rene Fontenot are not annexed to and made part of the petition.

Ferdinand Lafleur made 'no appearance.

Alicia Lafleur appeared and excepted to plaintiff's petition on the ground that it disclosed no cause of action against her.

In the event her exception was overruled but not otherwise, and without waiving the benefit of same and insisting on the exception, she filed answer.

The exception of no cause of action was overruled.

The trial was then proceeded with and when plaintiff offered in evidence the act of sale from Louis J. Pitre to Ferdinand Lafleur, she objected to the evidence offered, on the ground that it was not declared on in plaintiff's petition as the basis of his action, and that plaintiff had no right or cause of action against her personally or against her property, and when plaintiff offered evidence to show that he had paid taxes on the property as alleged, she objected to the evidence offered on the ground that his petition did not disclose a cause of action against her on that account.

The court rendered judgment against Ferdinand Lafleur as prayed for. There was no judgment rendered against Mrs. Lafleur personally, but the property described in the petition and alleged to belong to her and to be in her possession was ordered sold to pay the judgment rendered against Ferdinand Lafleur to the extent of $450.00, that being the amount of the two notes which he alleged that he had assumed and paid, and $71.53, that being the amount of taxes he alleged that he had paid on the property. Mrs. Lafleur has appealed from the judgment to the extent that it is ordered to be enforced against her property.

The exception of "no cause of action" which she filed is urged on us by her counsel and must be considered.

The question is, has the plaintiff alleged any ground which could authorize the sale of the property of which she is alleged to be the owner and possessor, for the purpose of paying the judgment rendered against Ferdinand Lafleur?

The Code of Practice, Article 161, provides that: "It is sufficient in all judicial demands * * * express clearly what is demanded with such conclusions as may serve as a basis to the judgment to be rendered in the cause."

Article 172 provides: "The petition must contain a clear and concise statement of the object of the demand, * * * or the cause of the action on which it is founded."

The question must be answered, as expressed in the articles of the Code of Practice, on the face of plaintiff's petition and the prayer of the same.

Titles and other papers not annexed to the petition and made part thereof cannot be considered.

Looking at the petition copied in to this opinion for the purpose, it cannot be said therefrom to be plaintiff's object to recover anything from her, of which she is wrongfully in possession. It is not claimed that the two notes which plaintiff paid were secured by privilege or mortgage on the property of which she was recognized by the court as the owner and possessor. It is not sought in the petition to revise and reinstate any mortgage or privilege on the property or that she owes the plaintiff anything.

In regard to the taxes, it is not claimed in the petition that she failed to pay her taxes on the property and that plaintiff did so and was subrogated to the rights of the state and parish as provided by Act 170 of 1898, Section 89.

We can not find any good reason advanced in the petition why her property should be sold to pay any part of the judgment rendered against Ferdinand Lafleur.

Looking to see if a cause of action was supplied by evidence offered without objection, we find her on the alert. When plaintiff offered in evidence the title from Louis J. Pitre to Ferdinand Lafleur, she objected on proper grounds; the objection should have been sustained; under the allegations of the petition the evidence was not admissible against her.

When he offered evidence to show that he had paid taxes on her property, she objected on proper grounds, and under the allegations of plaintiff's petition the objection should have been maintained; the evidence was not admissible against her under the law.

She waived nothing and the requirements of the law concerning the statement of the "object of the demand" and "the cause of action" against her is not to be found in the petition.

The exception of no cause of action should have been sustained and she should have been dismissed from the suit.

The judgment appealed from to the extent that it is enforceable against the property of Mrs. Lafleur appears to us to be erroneous and must be set aside.

It is therefore ordered, adjudged and decreed that the judgment appealed from to the extent that it orders the sale of the property described as follows. Lots Nos. 18, 19 and 20 of Block Two of the Latour Addition to the town of Ville Platte, situated in the Parish of Evangeline, with the buildings and improvements thereon, is annulled, avoided and set aside. It is further ordered that this judgment do not prejudice or prevent the said J. Rene Fontenot from bringing an action with proper allegations and prayer against proper parties for the purpose to have revived, if he so desires, any mortgage or

privilege which ought to be revived against the above described property at his instance, and to have said property decreed subject thereto.

It is further ordered that the plaintiff and appellee pay the cost of both courts insofar as Mrs. Alicia Lafleur may be concerned.